UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN DUNN,<br>Plaintiff,<br>v.<br>L. HERNANDEZ, et al.,<br>Defendants. | Case No. 25-cv-05710-VC<br><br>**ORDER OF SERVICE** |

Sherman Dunn, a California state prisoner proceeding *pro se*, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983 against correctional officers at Salinas Valley State Prison. The Court dismissed the prior two complaints with leave to amend. For the reasons stated below, service of the complaint is ordered on defendants Zhou, Hernandez, Soto, Delarosa, Merinda, Rosa, and Castro.

**DISCUSSION**

**I. STANDARD OF REVIEW**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II. DUNN'S ALLEGATIONS

The following is a paraphrased version of Dunn's allegations:

Dunn's complaint states that multiple officers discriminated against him because of his race. Dkt. No. 14 at 2. Dunn was first assigned a job, which was to cut hair. *See id.* When Dunn confronted defendant J. Zhou about why he was not being released for his job assignment, J. Zhou responded "[y]ou are black, you don't work for me" and implied his skin color was why he wasn't being released. *Id.* Dunn then asked defendant L. Hernandez to be released for his assignment, to which Hernandez replied "[b]lack inmates have no jobs" and laughed. *Id.* After an argument, defendant activated the alarm and Dunn was taken to holding. *Id.* While in holding, the yard sergeant said he would look into the situation and later that day, defendant Zhou gave Dunn rusted and unusable equipment. *Id.*

Later, defendant Soto refused to release Dunn for his job assignment because "policy" required Dunn cut hair on the open prison yard during yard hours. *Id.* at 4. There are no electrical outlets in the yard, which renders the equipment inoperable. *Id.* Dunn notes that non-African American prisoners are not required to follow this policy and only Hispanic workers were released from their cells where defendant Soto worked. *Id.*

Dunn filed a CDC-602/grievance detailing his struggle to comply with his work assignment. *Id.* Because he filed the appeal, he was able to leave his cell for worker shower and

perform barber work, as well as meet with the yard sergeant about equipment replacement. *Id.* However, soon after the grievance, defendant E. Delarosa did not let Dunn out to do any of the above in retaliation for the grievance. *Id.* Non-African Americans were released for their assignments. *Id.* Defendants M. Merinda and J. Rosa also participated in the retaliatory action of denying Dunn the ability to perform his barber job. *Id.* at 4-5. Finally, in further retaliation for his grievance, defendant A. Castro planted a knife in Dunn's cell to get him removed to the restrictive housing unit and wrote a false rules violation report. *Id.* at 5.

Defendant J. Ramidez told Dunn "he didn't need a black barber" despite not being a prison assignment officer. *Id.* at 4. The comment was racial and Ramidez was threatening and belligerent. *Id.*

## III. ANALYSIS

### A. Fourteenth Amendment Claims

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citation omitted). Racial classifications in prison are subject to strict scrutiny. *Johnson v. California*, 543 U.S. 499, 509-15 (2005). There is a need for judicial deference to the problems of prison administration, and when a prison regulation [or practice] impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. at 89.

Dunn alleges defendants Zhou and Hernandez declined to release him for his job assignment because of his race. He also alleges defendant Soto refused to release him for his job assignment because of his race and did not allow him to cut hair in the same location as Hispanic inmates. Finally, he alleges defendant Ramidez told him he didn't need a black barber and was threatening and belligerent.

There is serious doubt regarding the veracity of these allegations; indeed, at times they appear fantastical. But courts must construe allegations liberally at the pleading stage, and none of these actions are related to any penological interest. Construed liberally, Dunn has stated a

cognizable Equal Protection claim against defendants Zhou, Hernandez, and Soto because they deprived him of his ability to participate in a work assignment because of his race. However, defendant Ramidez's comment alone does not give rise to a cognizable claim. *See Freeman v. Arpaio*, 125 ZF.3d 732, 788 (9th. Cir. 1997) (holding that abusive language or verbal abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983).

**B. First Amendment Claims**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). The right of access to the courts extends to established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Thus, a prisoner may not be retaliated against for using such procedures. *See Rhodes*, 408 F.3d 559 at 567 (9th Cir. 2005).

Dunn alleges defendant Delarosa took adverse action against him by failing to release him for his work assignment because he filed a grievance. Similarly, he alleges defendants Merinda and Rosa engaged in retaliation for his grievance by not allowing him to perform his job duties or, in the case of Rosa, allowing him a worker shower. Finally, he alleges defendant Castro planted a knife and filed a false RVR in an attempt to remove him to the restrictive housing unit in retaliation for the grievance.

Again, the allegations appear to be somewhat fantastical, but liberally construed they are sufficient to state a claim for First Amendment retaliation against defendants Delarosa, Merinda, Rosa, and Castro. Crediting those allegations, Dunn used the protected grievance procedure and multiple adverse actions were allegedly taken against him as a result, with no evidence of a legitimate correctional goal.

## CONCLUSION

Dunn has stated a cognizable Fourteenth Amendment claim against defendants Zhou,

Hernandez, and Soto. Dunn has also stated a cognizable First Amendment retaliation claim against defendants Delarosa, Merinda, Rosa, and Castro. Based on the foregoing, the court orders as follows:

1. The court orders that the following defendants be served electronically:

   a. Correctional Officer J. Zhou

   b. Correctional Officer L. Hernandez

   c. Correctional Officer J. Soto

   d. Correctional Officer E. Delarosa

   e. Correctional Officer M. Miranda

   f. Correctional Officer K. Rosa

   g. Correctional Officer A. Castro

Service on the listed defendants will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the court a completed CDCR Report of E-Service Waiver advising the court which defendants listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) or which defendant(s) decline to waive service or could not be reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk is requested to prepare for each defendant, if they have not waived service according to the CDCR Report of E-Service Waiver, a USM-285 Form. The clerk will provide to the USMS the completed USM-285 forms

and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before sixty (60) days from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within twenty-one (21) days after being served with the summons and complaint.

3. The following briefing schedule shall govern dispositive motions in this action:

a. If the defendants intend to file a motion for summary judgment or other dispositive motion, they must do so no later than fifty-six days from the date the answer is due. If the defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If the defendants believe this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Dunn.

At the time the dispositive motion is served, the defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

b. Dunn's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on the defendants no later than twenty-eight days after the date on which the defendant's motion is filed.

Before filing his opposition, Dunn is advised to read the notice that will be provided to him by the defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Dunn is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to the defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Dunn will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c. The defendants shall file a reply brief no later than fourteen days after the date Dunn's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders later.

4. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. No further court order pursuant to Rule 30(a)(2) is required before the parties may conduct discovery.

5. All communications by Dunn with the court must be served on the defendants, or the defendants' counsel once counsel has been designated, by mailing a true copy of the document to the defendants or counsel.

6. It is Dunn's responsibility to prosecute this case. Dunn must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: November 23, 2026

VINCE CHHABRIA
United States District Judge